UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-21310-KMW

JOSH GATOFF, *et al.*,

    Plaintiffs,

v.

PATRICK HORSMAN,

    Defendant.
_____/

## MOTION TO DISMISS

Defendant Patrick Horsman respectfully moves to dismiss the two-count Complaint filed by Plaintiffs Josh Gatoff, Allen Gavartin, Scott Lieberman, Andrew May, Scott Silverman, DV Group, LLC and Lorber Alpha II, LP pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6). As set forth in the accompanying Memorandum of Law, the Complaint should be dismissed in its entirety with prejudice.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 2

FACTUAL BACKGROUND ................................................................................................... 2

LEGAL STANDARD ............................................................................................................... 5

ARGUMENT ............................................................................................................................. 5

    I.     Count I for Fraud in the Inducement Should Be Dismissed Because Plaintiffs Agreed to a "Non-Reliance Clause" in the Integrated Subscription Agreements and the Non-Reliance Clause Negates the Fraud Claim ...................... 5

    II.    The Fraud Allegations Do Not Satisfy Rule 9(b) Pleading Standards or Common Law Pleading Standards ................................................................................. 6

         A.    Plaintiffs Failed to Establish the Falsity or Materiality of the Statements in the Complaint ...................................................................... 8

         B.    Plaintiffs Cannot Establish Reliance as a Matter of Law ........................... 9

    III.   Count II for Breach of Fiduciary Duty Fails Due to the Absence of a Fiduciary Relationship and the Absence of a Breach of any Fiduciary Duty ........ 10

    IV.   The Complaint Should Be Dismissed for Lack of Personal Jurisdiction over Defendant in Florida ....................................................................................... 11

    V.    The Complaint Should be Dismissed Because the Parties' Subscription Agreement Contains a Broad Forum Selection Clause Mandating Litigation in Delaware Courts .................................................................................................. 13

CONCLUSION ....................................................................................................................... 14

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                 **Page(s)**

*Alexander/Davis Properties, Inc. v. Graham*
    397 So.2d 699 (Fla. 4th DCA 1981)………………………………………..……...8

*Ambrosia Coal & Constr. Co. v. Pages Morales*
    482 F.3d 1309 (11th Cir. 2007)……………………………………………………….8, 9

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)…………………………………………………………………….4

*Banco de los Trabajadores v. Cortez Moreno*
    237 So. 3d 1127 (Fla. 3d DCA 2018)……………..……………………………………11

*Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Ctr.*
    816 So.2d 164, 168 (Fla. 3d DCA 2002)...………...……………………………………13

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)………..……………………………………………………………5

*Billington v. Ginn-La Pine Island, Ltd., LLLP*
    192 So.3d 77 (Fla. 5th DCA 2016)…..……………………………………………...…5

*Brooks v. Blue Cross & Blue Shield*
    116 F.3d 1364 (11th Cir. 1997)..…………………………...…………………………..3, 7

*Butts v. Dragstrem*
    349 So. 2d 1205 (Fla. 1st DCA 1977)…………………………………………………..10

*Corsec, S.L. v. VMC Intern. Franchising, LLC*
    909 So.2d 945 (Fla. 3d DCA 2005)...……………………………………………………13

*Davila v. Delta Air Lines, Inc.*
    326 F.3d 1183 (11th Cir. 2003)…....……………………………………………………5

*Golf Scoring Sys. Unlimited, Inc. v. Remedio*
    877 So.2d 827 (Fla. 4th DCA 2004)………..……………………………………...........13

*Gracey v. Eaker*
    837 So. 2d 348 (Fla. 2002)………………………………………………………….....9

*GSW, Inc. v. Long Cty.*
    999 F.2d 1508 (11th Cir. 1993)……………………………………………………….....5

**Cases**                                                                                                          **Page(s)**

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*
    421 F.3d 1162 (11th Cir. 2005)……..……..…………………………….…….............12

*Lord v. Souder*
    748 A.2d 393 (Del. 2000)..  …………..……………………………………………………13

*Malpiede v. Townson*
    780 A.2d 1075 (Del. 2001) …………..……………………………………………………13

*Manrique v. Fabbri*
    493 So.2d 437 (Fla. 1986)…………..……………………………………………………13

*Mejia v. Jurich*
    781 So. 2d 1175 (Fla. 3d DCA 2001)…………..…………………….........................8

*Morris v. Ingraffia,*
    8 So.2d 1 (Fla. 1944)…………..……………..……………….......................................7

*Navas v. Brand*
    130 So. 3d 766 (Fla. 3d DCA 2014)…………..……………….......................................11

*Orlinsky v. Patraka*
    971 So. 2d 796 (Fla. 3d DCA 2007)…………..……………….......................................10

*PK Comput., Inc. v. Indep. Travel Agencies of Am., Inc.*
    656 So. 2d 254 (Fla. 4th DCA 1995)…………..……………….......................................12

*Real Estate Value Co., Inc. v. Carnival Corp.*
    92 So. 3d 255 (Fla. 3d DCA 2012)…………..……………….......................................10

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*
    579 Fed. Appx. 779 (11th Cir. 2014)…………..……………….......................................12

*Sevi v. Israel Disc. Bank of New York*
    2014 WL 12861833 (S.D. Fla. Nov. 24, 2014)..……………….......................................10

*Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*
    623 F.3d 1371 (11th Cir. 2010).…………………………………........................................5

*Stonepeak Partners, LP v. Tall Tower Cap., LLC*
    231 So. 3d 548 (Fla. 2d DCA 2017)...…………………………………………………….12

*Venetian Salami Co. v. Parthenais*
    554 So. 2d 499 (Fla. 1989)…………..…………………………………………………..11

| **Cases** | **Page(s)** |
|---|---|

*Watkins v. NCNB Nat. Bank of Florida, N.A.*
    622 So. 2d 1063 (Fla. 3d DCA 1993)…..………………………………………..…..10

*Watts v. Fla. Int'l Univ.*
    495 F.3d 1289 (11th Cir. 2007)…..………………………………………………………5

*Wendt v. Horowitz*
    822 So. 2d 1252 (Fla. 2002)……………………………..………………………….12

*Wiggins v. Tigrent, Inc.*
    147 So. 3d 76 (Fla. 2d DCA 2014)…..……………………..…………………….12

*Witt v. La Gorce Country Club, Inc.*
    35 So.3d 1033 (Fla. 3d DCA 2010)……………………....………………………...7

*YS Catering Holdings, Inc. v. Attollo Partners LLC*
    274 So.3d 1203 (Fla. 3d DCA 2019)..……………………………………………………….6

| **Statutes** | **Page(s)** |
|---|---|

§ 48.193(1)(a) Fla. Stat. (2022)…………..…………………………………………………11, 12

| **Rules** | **Pages** |
|---|---|

Fed. R. Civ. P. 12(b)(1)…..………………………………………………………………….1

Fed. R. Civ. P. 12(b)(2)…..………………………………………………………………….1

Fed. R. Civ. P. 12(b)(6)…..………………………………………………………………..1, 3, 5

Fed. R. Civ. P. 9(b)………..…………………………………………………………….2, 6, 7

## INTRODUCTION

Before the Court are two inchoate and defective claims based on hornbook improper parol evidence which Plaintiffs expressly disclaimed when they entered into integrated subscription agreements with an unambiguous non-reliance clause. Count I for fraud in the inducement should be dismissed because Plaintiffs agreed to a "non-reliance clause" in the integrated subscription agreements and non-reliance clauses preclude fraud claims. The fraud allegations do not satisfy Rule 9(b) pleading standards or common law pleading requirements. Count II for breach of fiduciary duty fails due to the absence of a fiduciary relationship between the commercial parties and the absence of a breach of any fiduciary duty. The allegations in the Complaint do not establish grounds for personal jurisdiction over the Defendant in Florida. Dismissal is appropriate as the subscription agreement contains a forum selection clause mandating litigation in Delaware courts. For these reasons, the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

Between March 2019 and September 2019, each of the seven Plaintiffs invested money in a CBD/hemp startup venture. Compl. at ¶¶ 7-13, 15. None of the individual Plaintiffs are residents of Florida and neither of the corporate Plaintiffs were incorporated in Florida, although one corporate Plaintiff's principal place of business is located in Miami Beach. *Id*. at ¶¶ 7-13. Defendant is a resident of Puerto Rico, but at some time Defendant allegedly resided in Miami-Dade County and used an email signature block with a Miami Beach address. *Id*. at ¶¶ 6, 14. Defendant was the primary principal of the startup venture Integrated CBD. *Id*. at ¶ 15.

In March, August, and November 2019, Defendant "disseminated or caused to be disseminated" presentations relative to the startup. *Id*. at ¶¶ 16, 20, 24. These presentations contained "projections, goals and capabilities" regarding the startup. *Id*. at ¶¶ 17, 21, 25. Specifically, the presentations contained assertions that (1) Integrated CBD "had access to over

2

10,000 acres of farmland," (2) the farmland's quality was "superior," and (3) Integrated CBD had a partnership with Verified Organic that would "set it apart from its competition." *Id*. at ¶¶ 34, 37, 42.

Between March 2019 and September 2019, Plaintiffs respectively entered into a Subscription Agreement, investing in the startup, which contained the following provision:

> Subscriber has relied only on the information set forth herein in determining to acquire the Subscribed Units… Subscriber is not relying on the Company or its representatives for tax, legal, accounting or investment advice… Subscriber is not acquiring the Securities as a result of any advertisement, article, notice or other communication… present[ed] at any seminar or meeting, or any solicitation of an investment by a person not previously known to Subscriber in connection with investments in securities generally… Subscriber understands the meaning and legal consequences of the foregoing representations and warranties…

Horsman Decl. at ¶ 4, 5, Ex. A, Subscription Agreement at ¶¶ 4(k), 4(l), 4(r), 4(z).[1]

The Subscription Agreements further provide as follows:

> This Subscription Agreement and the Operating Agreement state the entire understanding between the parties with respect to the subject matter hereof, and supersede all prior oral and written communications and agreements… this Subscription Agreement has been negotiated at arm's-length and among parties equally sophisticated and knowledgeable in the matters dealt with in this Subscription Agreement.

*Id*. at ¶ 11.

---

[1] Documents attached to a Rule 12(b)(6) motion are properly considered when such documents are central to the claims asserted. *See e.g., Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir.1997). The documents attached to the Declaration of Patrick Horsman are central to Plaintiffs' claims and the documents are properly considered in a motion to dismiss. The terms of Plaintiffs' investment in Integrated CBD are central to Plaintiffs' claims. The Subscription Agreements contain the actual terms upon which Plaintiffs invested in Integrated CBD. The Subscription Agreements contain non-reliance clauses which negate and preclude Plaintiffs' fraud claim as a matter of law. The actual presentations from March, August and November 2019 are also central to Plaintiffs' claims because the claims are based on statements allegedly contained in those presentations.

The parties' Subscription Agreement contains the following venue clause, referring to the Operating Agreement, reflected as the Limited Liability Company Agreement:

> Any legal action arising out of or based upon this Subscription Agreement or Subscriber's ownership of the Subscribed Units shall be settled exclusively in accordance with Section 13.03 and 13.04 of the Operating Agreement.

*Id*.

The Operating Agreement provides as follows:

> Each of the Members agrees that if any dispute is not resolved by the parties, it shall be resolved only in the Courts of the State of Delaware sitting in New Castle County or the United States District Court for the State of Delaware and the appellate courts having jurisdiction of appeals in such courts (collectively, the "Proper Courts"). In that context, and without limiting the generality of the foregoing, each of the Members irrevocably and unconditionally (a) submits for itself and its property in any action relating to this Agreement or for recognition and enforcement of any judgment in respect thereof, to the exclusive jurisdiction of the Proper Courts and agrees that all claims in respect of any such action shall be heard and determined in such courts in the State of Delaware…

Horsman Decl. at ¶ 6, Ex. B, Operating Agreement of Integrated CBD, Section 12.03.

In March 2019, Integrated CBD entered into a 20-year lease agreement with another entity owned and controlled by Defendant, for $600 per tillable acre, to be increased by 2.5% a year. *Id*. at ¶¶ 46-47. In April 2019, Integrated CBD entered into another lease agreement for additional farmland, with a different entity partially owned by Defendant, with the same terms. *Id*. at ¶ 49. Lease payments over the first three years would surpass the amount paid to acquire the leased lands. *Id*. at 51. Integrated CBD also entered into agreements for services and equipment with other entities in which Defendant was a manager or principal member. *Id*. at ¶¶ 15, 52-53. Defendant received executive compensation of $12,500 per month. *Id*. at 54. By early 2020, Integrated CBD had collapsed and "had lost all of Plaintiffs' money," but got approved for a Paycheck Protection Program Loan in the amount of $150,000-350,000. *Id*. at ¶ 57.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations presented. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). While a plaintiff need not set forth "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts are insufficient to prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). The factual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (*quoting Twombly*, 550 U.S. at 545)).

## **ARGUMENT**

**I.     Count I for Fraud in the Inducement Should Be Dismissed Because Plaintiffs Agreed to a "Non-Reliance Clause" in the Integrated Subscription Agreements and the Non-Reliance Clause Precludes the Fraud Claim.**

Contractual non-reliance clauses negate fraud claims. *Billington v. Ginn-La Pine Island, Ltd., LLLP*, 192 So.3d 77, 83 (Fla. 5th DCA 2016). A non-reliance clause is intended to "head off the possibility of a fraud suit" by binding the parties to a promise that "they have not relied upon extrinsic representations." *Id*. (*citing Vigortone AG Products, Inc. v. PM AG Products, Inc.,* 316 F.3d 641, 644 (7th Cir. 2002)) (holding that a non-reliance clause "negates a claim for fraud because it constitutes a contractual agreement on one element of a fraud claim—reliance"); *see*

*also* Restatement (Second) of Contracts § 196 (Am. Law Inst. 1981) (noting distinction between merger clause and non-reliance clause, the latter negating a claim for fraud); *accord YS Catering Holdings, Inc. v. Attollo Partners LLC*, 274 So.3d 1203 (Fla. 3d DCA 2019) (affirming dismissal of fraud claims by "sophisticated investors and entrepreneurs" whose agreements included non-reliance clauses).

The Subscription Agreements contain unambiguous non-reliance clauses which negate the reliance component of the fraud claim in the Complaint. Plaintiffs cannot establish reasonable reliance on parol evidence because Plaintiffs expressly agreed that they "relied only on the information set forth herein" the Subscription Agreements. Plaintiffs expressly confirmed that their investment was not made "as a result of any advertisement, article, notice or other communication… present[ed] at any seminar or meeting." The Subscription Agreements also contain full integration clauses limiting the scope of the parties' understanding to the Subscription Agreements and the Operating Agreement. Because Plaintiffs expressly disclaimed reliance on parol evidence, the extrinsic statements allegedly contained in the presentations are ineffective to establish a fraud claim as a matter of law. Therefore, Count I for fraud in the inducement must be dismissed.

**II. The Fraud Allegations Do Not Satisfy Rule 9(b) Pleading Standards or Common Law Pleading Standards.**

Fraud claims must adhere to Fed. R. Civ. P. 9(b) heightened pleading standards. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Per Rule 9(b), a party alleging fraud must "state with particularity the circumstances constituting fraud" and a complaint must contain facts which establish (1) the precise statements, documents, or misrepresentations made, (2) the time and place of, and person responsible for the statement, (3) the content and manner in which the statements misled the Plaintiff, and (4) what the Defendant gained by the

alleged fraud. *Ambrosia Coal*, 482 F.3d at 1316-17 (citing *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

The Complaint lacks allegations establishing the required specificity under Rule 9(b). The Complaint is void of facts setting forth when, where and under what circumstances Plaintiffs saw or read the March 2019, August 2019 or November 2019 Presentations. In fact, the allegations in the Complaint do not establish that any of the Plaintiffs *ever* saw or read those documents at any time. As to the March 2019 Presentation, Plaintiffs alleged that Defendant "shared" the March 2019 Presentation "with investors." However, Plaintiffs did not allege that Plaintiffs were among those "investors" with whom the March 2019 Presentation was shared. Compl. at ¶ 19. The allegations pertaining to the August and November 2019 Presentations are even more vague, as Plaintiffs asserted only that Defendant "created or caused to be created and disseminated or caused to be disseminated" the August 2019 Presentation and November 2019 Presentation. *Id*. at ¶¶ 20, 24. Plaintiffs did not specify when, or *whether*, they ever saw, received or read the March, August or November 2019 Presentations. As further discussed herein, the content of the limited statements in the presentations is generalized and Plaintiffs failed to demonstrate the falsity or materiality of the statements. Because the fraud claim lacks required specificity per Rule 9(b), the claim should be dismissed.

A common law fraudulent inducement claim consists of (1) a misrepresented material fact, (2) that the defendant knew or should have known to be false, (3) the defendant's intent that the representation induces another's reliance, and (4) the aggrieved party's injury in justifiable reliance on the misrepresentation. *Witt v. La Gorce Country Club, Inc.*, 35 So.3d 1033, 1040 (Fla. 3d DCA 2010). A fact is material if the contract would have not been entered into without the representation. *Morris v. Ingraffia*, 8 So.2d 1, 3 (Fla. 1944).

In addition to the fatal flaws above as Plaintiffs never alleged that they ever actually saw or read the presentations, Plaintiffs failed to demonstrate the falsity or materiality of the statements in the presentations. Regarding the acreage, Plaintiffs alleged that Defendant allegedly stated that Integrated CBD "had access to over 10,000 acres" of farmland. Plaintiffs admit that, apparently at some point in time, Integrated CBD had leased "8,524 acres." Plaintiffs failed to allege that Integrated CBD did not have "access to" the rest of the acreage through lease options, negotiations or subsequent transactions. Moreover, Plaintiffs failure to specify the dates of the statements and leases renders the allegations impermissibly vague and not factually false.

### A. Plaintiffs Failed to Establish the Falsity or Materiality of the Statements in the Complaint.

Plaintiffs failed to demonstrate the falsity of the statement that Integrated CBD "developed strategic partnerships with Verified Organic and Integrated Ag. Plaintiffs asserted that Verified Organic was "Horsman's own startup company." Compl. at ¶¶ 15(i), 43. Accordingly, there are no facts indicating that a strategic partnership did not exist. Likewise, Plaintiffs alleged that Integrated Ag is "ultimately owned and controlled by Horsman." *Id*. at ¶ 46. Plaintiffs failed to allege facts which would demonstrate the absence of a strategic partnership. The opposite is true, as the facts indicate the existence of interlocking partnerships. Whether those "partnerships" were "strategic" or not is a matter of opinion, not a matter of verifiable historical fact.

A fraud claim generally cannot be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. *Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001). As expressed in the 2019 presentations, the timing of planting in 2020 and all future financial forecasts are future looking projections and opinions which are not actionable as fraud. The only exceptions to the rule do not apply. As far as the exceptions, an opinion may be actionable as a fraud claim if the person expressing the opinion has

8

"superior knowledge" on the topic and the person knew or should have known that the statement was false, or the promise was made with the present intention not to comply. *Id*.; *Alexander/Davis Properties, Inc. v. Graham*, 397 So.2d 699, 699 (Fla. 4th DCA 1981). Neither of these circumstances are afoot. Regarding superior knowledge, Plaintiffs are accredited investors who contractually agreed that they are "equally sophisticated and knowledgeable in the matters dealt with in this Subscription Agreement." Moreover, the leasing of at least 8,524 acres of land is inconsistent with any notion that there was no intention to perform. The Complaint is void of any actionable statements which could support a fraud claim and therefore dismissal is appropriate.

### B. Plaintiffs cannot Establish Reasonable Reliance as a Matter of Law.

As a matter of chronology, Plaintiffs could not have relied on the November 2019 Presentation in connection with their decision to make the investment given that all seven Plaintiffs made the investment pursuant to their Subscription Agreements and confirmed their non-reliance on parol materials prior to September 19, 2019.

> Josh Gatoff, Subscription Agreement dated September 19, 2019
> Allen Gavartin, Subscription Agreement dated March 7, 2019
> Scott Lieberman, Subscription Agreement dated September 11, 2019
> Andrew May, Subscription Agreement dated September 19, 2019
> Scott Silverman, Subscription Agreement dated September 13, 2019
> DV Group, LLC, Convertible Promissory Note dated July 31, 2019
> Lorber Alpha II, LP, Subscription Agreement dated September 16, 2019

Moreover, each of the Plaintiffs confirmed in the Subscription Agreement that the investor was an accredited investor and the Subscription Agreements and presentations themselves contain broad, clear and conspicuous disclaimers and risk disclosures in addition to the non-reliance clause. The statements in the presentations are forward looking as reflected on the first page of text and in substance. Plaintiffs cannot establish the reasonableness of any purported reliance on the parol evidence as a matter of law and the fraud claim must accordingly be dismissed.

### III. Count II for Breach of Fiduciary Duty Fails Due to the Absence of a Fiduciary Relationship and the Absence of a Breach of Any Fiduciary Duty.

A breach of fiduciary duty claim consists of (1) the existence of a fiduciary duty, (2) the breach of that duty, and (3) damage proximately caused by that breach. *Gracey v. Eaker*, 837 So. 2d 348 (Fla. 2002). It is "axiomatic" that to sustain a cause of action for breach of fiduciary duty, the plaintiff must "first establish the existence of a fiduciary duty." *Real Estate Value Co., Inc. v. Carnival Corp.*, 92 So. 3d 255, 261-62 (Fla. 3d DCA 2012). To establish a general implied fiduciary relationship, a party must allege "dependency on one side" and "some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Orlinsky v. Patraka*, 971 So. 2d 796, 800 (Fla. 3d DCA 2007). For example, a relationship between brothers-in-law as business associates is insufficient to establish a fiduciary relationship. *Id*. Having a "close friendship" does not create a fiduciary relationship. *Butts v. Dragstrem*, 349 So. 2d 1205, 1207 (Fla. 1st DCA 1977). Moreover, there is no breach of fiduciary duty in an arms-length transaction because there is no duty imposed on either party to "act for the benefit or protection of the other party." *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993); *see also, e.g.*, *Sevi v. Israel Disc. Bank of New York*, 2014 WL 12861833, at *11 (S.D. Fla. Nov. 24, 2014) (holding plaintiff's claim for breach of fiduciary duty failed as a matter of law where the facts did not establish anything other than an arms-length transaction). In the context of a contractual relationship, an alleged fiduciary duty must involve a breach of something the party is contractually obligated to do. *Real Estate Value Co.*, 92 So. 3d at 261-62.

The allegations in the Complaint do not establish the existence of anything other than typical arms-length commercial transactions. The parties' Subscription Agreements expressly provide that the transaction at issue "has been negotiated at arm's-length and among parties equally sophisticated and knowledgeable." Moreover, Plaintiffs certified in the Subscription Agreements

that they are "accredited investors" as defined in the Securities Act of 1933. No facts in the Complaint indicate that Plaintiffs are weaker than or "dependent on" Defendant and no facts indicate that Defendant undertook to advise, counsel or protect Plaintiffs. The Subscription Agreements provide no support for that and neither do the allegations in the Complaint. The strong language in the agreements, the meaningful legal classifications and the absence of facts demonstrating that any Plaintiff engaged in a single specific conversation with Defendant demonstrates the absence of a fiduciary duty as a matter of law. The breach of fiduciary duty claim should therefore be dismissed.

The Complaint also lacks allegations establishing that Defendant breached any duty pursuant to which he had a fiduciary obligation. The Complaint contains no allegations identifying the specific fiduciary duty that Defendant would have ostensibly owed to Plaintiffs. The allegations in the Complaint do not include any specific support for an assumption that leasing rates or equipment agreements were not at market rates or that the services were superfluous. The allegations in the Complaint do not establish a fiduciary relationship, any specific fiduciary duty, or any breach thereof, and therefore the breach of fiduciary duty claim should be dismissed.

**IV.  The Complaint Should Be Dismissed for Lack of Personal Jurisdiction Over Defendant in Florida.**

Personal jurisdiction under Florida's long-arm statute may be general or specific, depending on the nature of the defendant's contacts with Florida. *Banco de los Trabajadores v. Cortez Moreno*, 237 So. 3d 1127, 1132-33 (Fla. 3d DCA 2018). Section 48.193(1)(a)(2) of Florida's long-arm statute establishes specific jurisdiction where a defendant has committed any of the specific acts enumerated in the statute in Florida. *Id*. at 1133. The long-arm statute is strictly construed in favor of the nonresident defendant. *Navas v. Brand*, 130 So. 3d 766, 770 (Fla. 3d DCA 2014). Defendant is a nonresident.

In *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989), the Florida Supreme Court set forth the two-step analysis necessary to determine whether the trial court has personal jurisdiction over a nonresident defendant. The trial court must first determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. *Id*. If it does, then the trial court must determine whether sufficient minimum contacts are shown to satisfy due process requirements. *Id.* For purposes of Section 48.193(1)(a)(1), to demonstrate that a nonresident defendant is "operating, conducting, engaging in, or carrying on a business or business venture," his activities must be considered collectively and show a general course of business activity in the state for monetary benefit. *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. Appx. 779, 783 (11th Cir. 2014).

The four factors in this analysis are (1) the presence and operation of an office in Florida, (2) the possession and maintenance of a license to do business in Florida, (3) the number of Florida clients served, and (4) the percentage of overall revenue gleaned from Florida clients. *Id.* (*citing Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005)). Specific jurisdiction also requires a causal connection between the defendant's activities in Florida and the plaintiffs' cause of action, also labeled as "connexity." *Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 552 (Fla. 2d DCA 2017) (*quoting Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)). The *Wendt* rule is applied when the tort "involves some sort of communication directed into Florida for purpose of fraud, slander, or other intentional tort." *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 86 (Fla. 2d DCA 2014); *see also PK Comput., Inc. v. Indep. Travel Agencies of Am., Inc.*, 656 So. 2d 254, 255 (Fla. 4th DCA 1995) (stating that the complaint contained insufficient allegations of tortious interference committed in Florida when the

complaint alleged that the defendant made oral statements or misstatements but did not allege that the statements were made in Florida or were directed at listeners in Florida).

None of the factors necessary to find personal jurisdiction are alleged in the Complaint. The Complaint allegations refer to an address in a signature block rather than a physical address in Florida. No allegations indicate that Defendant has a license to conduct business in Florida. No facts indicate that Defendant had a client base of Florida residents. The conclusory allegation that Defendant committed misconduct while in Florida falls well short of establishing "connexity," particularly where the Complaint does not contain any specific allegation that Horsman initiated any communications while conducting business in the forum. Personal jurisdiction is lacking even assuming the truth of the conclusory allegations as to Horsman's contacts with Florida. Accordingly, the Complaint should be dismissed for lack of personal jurisdiction.

V. **The Complaint Should be Dismissed Because the Parties' Subscription Agreement Contains a Broad Forum Selection Clause Mandating Litigation in Delaware Courts.**

Forum selection clauses are presumptively valid. *Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Ctr.,* 816 So.2d 164, 168 (Fla. 3d DCA 2002). Such clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust. *Manrique v. Fabbri*, 493 So.2d 437, 440 (Fla. 1986). A party challenging a forum selection clause would have to show that enforcing it would essentially deprive him of his day in court. *Corsec, S.L. v. VMC Intern. Franchising, LLC*, 909 So.2d 945, 947 (Fla. 3d DCA 2005). Forum selection clauses can be mandatory or permissive. *Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So.2d 827, 829 (Fla. 4th DCA 2004). Forum selection clauses requiring the "exclusive jurisdiction" of a forum for litigation concerning the contract are deemed mandatory, whereas if clause is merely an expression of consent to a jurisdiction and venue, it is deemed permissive. *Id*.

The language in the parties' agreements reflects a mandatory forum clause, in that disputes "shall be resolved only in the Courts of the State of Delaware" and each of the Members "irrevocably and unconditionally" submits for itself and its property "in any action relating to this Agreement" to the "exclusive jurisdiction" of the Delaware courts "and agrees that all claims in respect of any such action shall be heard and determined in such courts in the State of Delaware." This language is unambiguous and mandatory, as it calls for the "exclusive jurisdiction" in the courts of Delaware. Other than the transparent and ineffective attempt at an end-around by suing the startup's principal rather than the entity, the Complaint contains no facts which would bring the claims in this case, defective as they are, outside the mandatory Delaware forum selection clause.

Even if the Court applied Delaware law, Plaintiffs would not have stated a claim because Delaware common law is materially similar to Florida common law as to fraudulent inducement and breach of fiduciary duty claims. *See e.g., Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000) (holding that the elements of a fraudulent inducement claim are (1) a false representation, usually of fact, (2) made knowingly or recklessly, (3) with intent to induce an act, (4) justifiable reliance, and (5) damage); *Malpiede v. Townson*, 780 A.2d 1075, 1098 (Del. 2001) (holding that a breach of fiduciary duty claim pursuant to an arms-length transaction is "inconsistent with participation in a fiduciary breach.") Plaintiffs agreed to a mandatory forum clause in Delaware, the clause should be enforced, and the Complaint should be dismissed.

## **CONCLUSION**

For the reasons discussed herein, including the failure to state a claim, the lack of personal jurisdiction, and the lack of subject matter jurisdiction, the Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

*/s/ Kenneth E. Chase*
Kenneth E. Chase
Florida Bar No. 017661
kchase@chaselaw.com
Chase Law & Associates, P.A.
1141 71st Street
Miami Beach, FL 33141
Telephone: (305) 402-9800

*Attorneys for Defendant Patrick Horsman*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on August 11, 2022 which automatically sends notice to all counsel or parties of record.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase

## SERVICE LIST

**Ryan Adam Schwamm**
rschwamm@silverlaw.com
Silver Law Group
11780 W Sample Road
Coral Springs, FL 33065
Telephone: (954) 755-4799
Fax: (954) 755-4684

**Scott Lance Silver**
ssilver@silverlaw.com
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
Telephone (954) 755-4799
Fax: (954) 755-4684

*Attorneys for Plaintiffs*

**Kenneth Chase**
kchase@chaselaw.com
Chase Law & Associates, P.A.
1141 71st Street
Miami Beach, FL 33141
Telephone: (305) 402-9800
Fax: (305) 402-2725

*Attorneys for Defendant*

15