UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-21310-KMW

JOSH GATOFF, *et al.*,

    Plaintiffs,

v.

PATRICK HORSMAN,

    Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR ONE-DAY ENLARGEMENT OF TIME TO FILE MOTION TO DISMISS, FOR LEAVE TO FILE UNTIMELY MOTION TO DISMISS, AND CONSENT TO PLAINTIFFS' REQUEST FOR EXTENSION OF DEADLINE TO FILE OPPOSITION TO MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), Local Rule 7.1(a)(1)(J) and Section II(B) of the Court's Civil Procedures, Defendant Patrick Horsman respectfully files this Unopposed Motion for a One-Day Enlargement of Time to File a Motion to Dismiss, for Leave to File Untimely Motion to Dismiss, and Consent to Plaintiffs' Request for a 15-Day Extension of Plaintiffs' Deadline to September 9, 2022 to File an Opposition to the Motion to Dismiss.

1.    On April 27, 2022, Plaintiffs filed the Complaint. ECF No. 1.

2.    On May 12, 2022, Defendant's co-counsel executed a waiver of service form. ECF No. 5.

3.    Pursuant to the waiver of service form, Defendant's 90-day response date was August 10, 2022 and Defendant's 60-day response deadline was July 11, 2022. *Id*. Defendant is a citizen of Puerto Rico. Compl. at ¶ 5.

4. On July 8, 2022, Defendant filed an unopposed motion for extension of time through counsel, who had recently been retained, requesting until August 10, 2022 to file a response to the Complaint. ECF No. 6.

5. The Court granted Defendant's motion to extend and extended Defendant's deadline to file a response to the Complaint to August 10, 2022. ECF No. 7.

6. August 10, 2022 was the filing deadline for Defendant's motion to dismiss, however the motion was filed two hours and thirty-four minutes after expiration of the deadline in the early morning hours of August 11, 2022 due to the excusable neglect of counsel. This motion for leave is being promptly filed on the same day. On August 11, 2022, early in the morning and before the start of the business day, Defendant's counsel immediately reached out to Plaintiffs' counsel by email to ask whether Plaintiffs would consent to this instant motion for a one-day enlargement of time to file the motion to dismiss and this request for leave of Court to accept the untimely motion to dismiss. A few hours later, Plaintiffs' counsel responded by email and confirmed that Plaintiffs have no objection to the untimely filing. This motion is being promptly filed following the confirmation of Plaintiffs' non-opposition to the relief requested herein.

7. Pursuant to amicable communications on today's date, Plaintiffs' counsel asked if Defendant would consent to an extension to September 9, 2022 for Plaintiffs to file an opposition to the motion to dismiss. Defendant's counsel confirmed that Defendant has no objection to Plaintiffs' request for an extension and Defendant is not seeking an extension to file a reply. If the Court accepts Defendant's request herein, and considers the motion to dismiss, Defendant will not request an extension for the reply, and any reply would be promptly filed by September 16, 2022.

8.  The missed deadline in filing the motion to dismiss was due to excusable neglect, as also set forth in the accompanying response to the Court's show cause order entered on August 11, 2022. ECF No. 9.

9.  A full draft of the motion to dismiss was completed by Defendant's counsel and circulated on August 8, 2022, two days in advance of the August 10, 2022 filing deadline. Subsequently, additional important documents came to light and were received by Defendant's counsel on August 9, 2022 and immediately reviewed. Upon review, additional revisions to the motion were necessary and requests were subsequently made for more documentation consisting of all seven of the Plaintiffs' investment contracts and other applicable documents. Diligent work was conducted as additional documentation was received throughout the day on August 10, 2022 which was immediately reviewed and incorporated into the motion to dismiss.

10. Simultaneously, an accompanying party declaration was drafted authenticating the investment contracts and presentations. It was important to confirm the documentation for accuracy as to all seven Plaintiffs. Further, the documents had to be redacted as appropriate for inclusion in the motion. Some of the documents were received after hours on August 10, 2022 close to the filing deadline. Those materials were also incorporated into revisions to the motion. Multiple diligent follow ups occurred to confirm the exact dates of execution of the Subscription Agreements and other documents for each of the Plaintiffs.

11. The party declaration was completed and executed in the evening of August 10, 2022. At the same time, final changes were being made to the motion. It was necessary to further confirm additional information which took more time than expected. Because of excusable neglect, the deadline was narrowly missed. The neglect here was excusable because as new information came to light in the documents, additional data and exhibits were requested and

incorporated in the filing as new materials were received. Defendant's counsel acted diligently in having requested documentation promptly after being retained in this matter. Documents were promptly provided and follow ups occurred with respect to the documentation. Defendant's counsel did everything reasonably possible to file by the deadline, and continued to believe that the filing would be made by the deadline throughout the day on August 10, 2022. However, the filing could not be completed because of the new information and documents having been received coupled with changes to the motion which were necessary.

12. In the late hours of August 10, 2022, a motion to extend in advance of the filing deadline was contemplated. However, because such a motion was due at least 48 hours in advance of the deadline per the Court's procedures at II(B), and it was after hours, meaning that a meet and confer response from Plaintiffs' counsel was not likely, focus was directed to diligent attempts to do everything possible to meet the filing deadline rather than moving for an extension. Defendant sought to meet the deadline rather than burden the Court.

13. The motion to dismiss was filed as soon as possible, two hours and thirty-four minutes after the deadline knowing that leave of Court would be immediately sought the next day as soon as counsel heard back from Plaintiffs' counsel regarding whether the motion was opposed or unopposed. The motion is unopposed.

14. All four factors which courts consider under *Pioneer* are in favor of Defendant, including (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

15. There is no risk of prejudice to Plaintiff. Whether the filing was made in the evening of August 10, 2022 or the early morning hours of August 11, 2022, Plaintiffs' counsel

would likely not have reviewed the filing until the morning of August 11, 2022 at the earliest and the motion was filed at 2:34 a.m. on August 11, 2022. Therefore, it was available very early on August 11, 2022 to Plaintiffs' counsel. Plaintiffs consented to the one-day extension sought in this motion. Accordingly, there is no prejudice. Further, Defendant consented to Plaintiffs' request for a 15-day extension of time for Plaintiffs to file a response if the Court allows the filing. Defendants are not requesting an extension for a reply. For these reasons, Plaintiffs are not prejudiced.

16. The length of the delay is very short, equaling 154 minutes between 12:00 am and 2:34 am. Defendant acknowledges and apologizes to the Court for the disruption and its negative impact on the proceedings. Defendant's counsel assures the Court that there was no intent to cause a delay and that no delays are intended either now or in the future. The proceedings are in very early stages and there is no history of untimeliness.

17. The reason for the delay is, at least in some part, outside the control of the moving party because new information came to light after the motion to dismiss was already completed two days in advance of the deadline. It will not be said that the documentation and information was unavailable until that time. However, from a point of practicality, given the tight timeframe and availability over the month of July, the neglect in obtaining the documents earlier is excusable.

18. The movant is acting in good faith, the movant is sincere, and the movant has acted in good faith at all times.

19. Plaintiffs' counsel does not oppose the relief sought herein as confirmed in a meet and confer email.

20.  Pursuant to Section II(B) of the Court's Civil Procedures: (1) one prior motion for an extension of time was sought [ECF No. 6] whereby Defendant moved for a 30-day extension of time to respond to the complaint, unopposed, amid some ambiguity as to whether the 60-day or the 90-day rule applies to Puerto Rico residents who accept service, and if the latter applied, then the August 10, 2022 date would have been the original response deadline, (2) the specific circumstances comprising good cause are set forth in ¶¶ 6-19 herein, (3) the L.R. 7.1 conferral statement is contained herein, and (4) the duration of time of the extension sought is one day.

WHEREFORE, Defendant respectfully requests that the Court grant this unopposed motion for a one-day enlargement of time to file a motion to dismiss, for leave to file an untimely motion to dismiss, and consent to Plaintiffs' request for a 15-day extension of Plaintiffs' deadline to September 9, 2022 to file an opposition to the motion to dismiss.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Defendant conferred with Plaintiffs' counsel on August 11, 2022 and Plaintiffs' counsel Ryan Schwamm confirmed that Plaintiffs do not oppose the relief sought.

By:  */s/ Kenneth E. Chase*
     Kenneth E. Chase

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

*/s/ Kenneth E. Chase*
Kenneth E. Chase
Florida Bar No. 017661
kchase@chaselaw.com
Chase Law & Associates, P.A.
1141 71st Street
Miami Beach, FL 33141
Telephone: (305) 402-9800

*Attorneys for Defendant Patrick Horsman*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on August 11, 2022 which automatically sends notice to all counsel or parties of record.

By:   */s/ Kenneth E. Chase*
          Kenneth E. Chase

## SERVICE LIST

**Ryan Adam Schwamm**
rschwamm@silverlaw.com
Silver Law Group
11780 W Sample Road
Coral Springs, FL 33065
Telephone: (954) 755-4799
Fax: (954) 755-4684

**Scott Lance Silver**
ssilver@silverlaw.com
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
Telephone (954) 755-4799
Fax: (954) 755-4684

*Attorneys for Plaintiffs*

**Kenneth Chase**
kchase@chaselaw.com
Chase Law & Associates, P.A.
1141 71st Street
Miami Beach, FL 33141
Telephone: (305) 402-9800
Fax: (305) 402-2725

*Attorneys for Defendant*